IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DAREN J. BECKER, D.M.D., and DAREN J. BECKER, D.M.D., PC., <br><br> Plaintiffs, <br><br> v. <br><br> NATIONWIDE AFFINITY INSURANCE COMPANY OF AMERICA and INSIGHT SERVICE GROUP INC., <br><br> Defendants. | CIVIL ACTION FILE <br><br> NO. _____ |

# COMPLAINT

COMES NOW Daren J. Becker, D.M.D. and Daren J. Becker D.M.D., PC., Plaintiffs herein, and file this their Complaint against Defendants Nationwide Affinity Insurance Company of America and Insight Service Group Inc. and shows as follows:

## PARTIES, JURISDICTION AND VENUE

1.

Plaintiff Daren J. Becker, D.M.D. ("Dr. Becker") is an individual resident of the state of Georgia.

2.

Plaintiff Daren J. Becker, D.M.D., PC ("Becker PC") is a Georgia Professional Corporation owned and controlled by Dr. Becker.

3.

Defendant Nationwide Affinity Insurance Company of America ("Nationwide") is a foreign insurance company authorized under the laws of the state of Ohio with its principal place of business located at 1 West Nationwide Boulevard, Columbus, Ohio 43215. Nationwide is authorized to transact and do business within the state of Georgia and is subject to jurisdiction and venue of this Court pursuant to O.C.G.A. § 9-10-91. Service of process may be perfected upon Nationwide through its registered agent Corporation Service Company at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

4.

Defendant Insight Service Group Inc. ("Insight") is a foreign corporation organized under the laws of the state of Massachusetts with its principal place of business located at 55 Ferncroft Road, Suite 300, Danvers, Massachusetts 01923. Insight is authorized to transact and do business within the state of Georgia and is subject to jurisdiction and venue of this Court pursuant to O.C.G.A. § 9-10-91. Service of process may be perfected upon Insight by serving its registered agent National Registered Agents Inc. 289 South Culver Street, Lawrenceville, Georgia 30046.

5.

The amount in controversy exceeds $75,000.00.

6.

There is complete diversity of the parties.

7.

This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

8.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred within this District.

## FACTUAL ALLEGATIONS

9.

Dr. Becker is licensed dentist operating through Becker PC under the trade name of Atlanta Dental Solutions located at 5445 Meridian Mark Road, Suite 275, Atlanta, Fulton County, Georgia 30342.

10.

At all relevant times, Plaintiffs have employed non-party Jessica Shackelford as a dental hygienist.

11.

In November of 2019, Ms. Shackelford was injured in car wreck caused by non-party Chaehyun Ruy, who ran a red light and struck Ms. Shackelford's vehicle at a high rate of speed. The impact of the collision resulted in serious injury to Ms. Shackelford, primarily to her back and neck. As a result of her injuries, Ms. Shackelford missed some time from work and has had to cut back her work schedule at Plaintiffs' dental practice considerably, usually no more than one (1) day per week.

12.

On information and belief, Ms. Shackelford settled her personal injury claim against Ms. Ruy and the owner of the vehicle she was driving for the owner's primary policy limits.

13.

On information and belief, Ms. Shackelford had an under insured motorists' coverage policy ("UM") with Nationwide which provided additional coverage for her injuries. Ms. Shackelford, through counsel, made a demand for the UM policy limits which was denied.

14.

On or about September 7, 2021, Ms. Shackelford, through counsel, filed a Civil Action for damages against Ruy and the owner of the vehicle she was driving for the purpose of pursuing her UM claim against Nationwide.  A copy of the complaint was timely provided to Nationwide.

15.

After receiving a copy of Ms. Shackelford's complaint, Nationwide, hired, retained, paid, directed, instructed and supervised Defendant Insight to conduct surveillance on Ms. Shackelford.

16.

Atlanta Dental Solutions is located on the second floor of a dedicated medical office building in Fulton County, Georgia, with a secure parking deck for employees, vendors, patients and their families and is subject to the rules and regulations for the privacy of individuals seeking and receiving medical care under the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

17.

In order to reach Plaintiffs' practice, one must enter the medical office building (primarily through the parking garage dedicated to this medical office building), take the stairs or elevator to the second floor and then walk to the end of a long hallway.  Plaintiffs' practice

is only open to employees, vendors, patients and their relatives/caretakers who drive them to appointments.  All patients are seen by appointment only, not as "walk-ins."

18.

On September 20th, non-party Dysell Swans ("Swans"), a private investigator working for Insight, entered Plaintiffs' office space and spoke with the receptionist.  Swans was neither a patient nor did she drive a patient to an appointment.  Swans was not an employee nor a vendor doing legitimate business with the practice.

19.

Swans entered the office space under false pretenses and lied to the receptionist about her reasons for visiting the dental practice.  Specifically, Swans told the receptionist that she had heard great things about the dental practice in general and Ms. Shackelford in particular, and that she wanted to meet with and speak with Ms. Shackelford about becoming one of her patients.  The receptionist told Swans that Ms. Shackelford was not in that day and that she would need to come back on Thursday, September 23rd.

20.

During her time in the office, Ms. Swans gave the receptionist a false story that she did not have dental insurance and would need flexible payment arrangements. Based on these misrepresentations, the receptionist responded by handing Ms. Swans a business card for Christina, the office manager, who would be able to answer her questions about the practice and discuss available payment options.

21.

As shown in the image from Plaintiffs' security system below, Swans was carrying a cellphone or comparable sized video recording device during her visit to the dental practice on

5

September 20, 2021, and was recording the interior of the practice and her interactions with the receptionist.



22.

Swans returned to the office on Thursday, September 23rd and spoke with Ms. Shackelford. She again entered the office under false pretenses. Swans repeated the same lie she had previously told the receptionist, this time directly to Ms. Shackelford, that she was a prospective patient, had heard great things about Ms. Shackelford, and wanted to retain her services as a dental hygienist and would need a flexible payment plan due to a lack of insurance.

23.

Ms. Swans was again holding and using her video recording device during her interactions with Ms. Shackelford on September 23, 2021 as shown below:



24.

During the encounter on September 23rd, Ms. Shackelford left the reception area to get some paperwork for Ms. Swans. While Ms. Shackelford was walking away, Ms. Swans rotated around so that she could continue to video record Ms. Shackelford:

25.

When Ms. Swans was alone in the reception area, she continued to hold her video recorder to her chest and continued to record the reception area as she peered around the office and reception area.



26.

When Ms. Shackelford returned, Ms. Swans continued to rotate around so she could continue to record Ms. Shackelford as she searched for information requested by Ms. Swans based on her false story about being a prospective patient needing payment options:



## COUNT I: TRESPASS

27.

All allegations and paragraphs of this Complaint are incorporated herein as if fully restated herein.

28.

Insight's agent entered Plaintiffs' dental practice under false pretenses on at least two occasions, materially misrepresenting that she was interested in becoming a patient of the practice in general and Ms. Shackelford in particular. In fact, Insight's agent was not patient of the practice and had no intention becoming a patient and had no legitimate purpose for entering the offices. Accordingly, Ms. Swans was a trespasser at all times she was inside Plaintiffs' dental practice.

29.

The trespass was intentional, and the Plaintiffs are entitled to compensatory and punitive damages.

## JOINT AND SEVERAL LIABILITY

30.

According to Insight, Swans' actions were consistent with Insight's company and industry standards.

31.

The trespasses in and to Plaintiffs' business by Insight's agent was conducted with a mutual understanding of both Insight and Nationwide and for their mutual benefit as a concerted action.

32.

Defendants are jointly and severally liable to Plaintiffs because they have conspired to unlawfully trespass inside Plaintiffs' place of business to annoy both Plaintiffs and Ms. Shackelford in order to dissuade Ms. Shackelford from continuing to pursue her UM claim.

33.

Additionally, Insight is liable under the doctrine of respondeat superior for the harm caused by the wrongful acts of its agent Dysell Swans, who was acting in the scope and course of her employment with Insight and during the actual transaction of Insight's business when she engaged in the criminal and tortious conduct described in this complaint.

34.

Additionally, Nationwide is liable under the doctrine of respondeat superior for the harm caused by the wrongful acts of Insight, who was acting in the scope and course of its engagement by Nationwide and in accordance with Insight's company and industry standards during the actual transaction of Nationwide's business when it performed the criminal and tortious conduct described in this Complaint.

35.

Accordingly, due to the concerted and indivisible actions of Defendants in their common purpose and under the doctrine of respondeat superior, Defendants are jointly and severally liable to the Plaintiffs for general, specific and/or nominal damages in an amount exceeding $75,000.

**COUNT TWO: PUNITIVE DAMAGES**

36.

All allegations and paragraphs of this Complaint are incorporated herein as if fully restated herein.

37.

Defendants' conduct shows willful misconduct, malice, wantonness, oppression, or that entire want of care as to raise the presumption of a conscious indifference to the consequences, and is so aggravating as to warrant, justify, and demand the imposition of punitive damages pursuant to O.C.G.A. § 51-12-5.1 to penalize and punish Defendants for their misconduct and to deter them from engaging in such aggravating conduct in the future.

38.

Defendants acted with specific intent to cause harm and pursuant to O.C.G.A. § 51-12-5.1, Plaintiffs specifically plead for the imposition of uncapped punitive damages against each of the Defendants.

## COUNT THREE: ATTORNEY'S FEES AND EXPENSES OF LITIGATION PURSUANT TO O.C.G.A. § 13-6-11

39.

All allegations and paragraphs of this Complaint are incorporated herein by expressed reference as if fully restated herein.

40.

Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense by forcing Plaintiff to resort to the use of the court system in order to resolve these claims when there is no bona fide controversy. Accordingly, Plaintiff seeks attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11.

## DEMAND FOR JURY TRIAL

41.

Plaintiffs demand trial by struck jury on all issues so triable.

Wherefore, Plaintiffs prays for the following:

A) That Summons and process issue and be served along with the Complaint upon each Defendant according to the law;

B) That Plaintiffs recover from Defendants jointly and severally a sum of compensatory damages to compensate Plaintiff for the discomfort, annoyance and other harms that Defendants intentionally inflicted upon them;

C) That Judgment be entered against each of the Defendants for uncapped punitive damages in an amount sufficient to punish and deter the same or similar conduct in the future;

D) That all cost of this action be taxed against the defendants and;

E) That Plaintiffs have and receive such other and further relief as the Court may deem just and proper.

This 18th day of April, 2022

COCHRAN & EDWARDS, LLC
2950 Atlanta Road, SE
Smyrna, Georgia 30080
Office:  770.435.2131
Fax:     770.436.6877
*Attorneys for Plaintiff*

s/ *Randy Edwards*
Randy Edwards
Georgia Bar No. 241525
Eric Logan
Georgia Bar No. 259421